IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOSEPH D. GOW,

       Plaintiff,

    v.                                     Case No. 25-CV-0059

BOARD OF REGENTS FOR THE UNIVERSITY
OF WISCONSIN SYSTEM, et al.,

       Defendants.

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO STAY DISCOVERY

      Plaintiff Joseph Gow, a former chancellor and professor at University of Wisconsin–La Crosse (UW-La Crosse), brought this action against the Board of Regents of the Universities of Wisconsin (Board) and eighteen state officers in their individual capacities (Individual Defendants). Gow was dismissed as a tenured professor after the Board discovered that he had been creating and performing in pornographic videos and publishing them online for at least a decade while serving as chancellor. Gow claims that his dismissal violated his First Amendment rights.

      Both the Board and Individual Defendants have moved to dismiss on immunity grounds—the Board under the Eleventh Amendment and the Individual Defendants based on qualified immunity. Although the Court has

not yet ruled on that motion, Gow seeks to press ahead with discovery. He recently served Defendants with 29 requests for production and 7 interrogatories. Among other things, his demands include ten years of disciplinary records from all thirteen universities in the system and student records protected by federal privacy law.

Such discovery is decidedly premature. Both Eleventh Amendment immunity and qualified immunity are immunities *from suit*—including discovery—and so must be resolved before discovery proceeds. *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009); *Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 506 (7th Cir. 1997). And even setting immunities aside, the balance of interests weighs against commencing discovery now, before the motion to dismiss is resolved. The Court's disposition of that motion is likely to clarify the parties, claims, and potential scope of discovery, if it does not conclude the case outright. Accordingly, the Court should exercise its discretion to order a stay of discovery until the motion to dismiss is decided.

## BACKGROUND

Gow brought this lawsuit against the Board of Regents, the individual regents, the Universities of Wisconsin System president, the UW-La Crosse chancellor, and the UW-La Crosse provost and former interim chancellor. (Dkt. 1 ¶¶ 7–25.) Gow sued the Individual Defendants only in their personal

capacities. (Dkt. 1 ¶¶ 8–25.) Gow claims that Defendants violated his First Amendment rights by terminating his employment as a tenured professor. (Dkt. 1 ¶¶ 51–58.)[1] He seeks declaratory relief and an order for reinstatement against the Board, and he seeks monetary damages against the Individual Defendants. (Dkt. 1:12.)

On March 28, 2025, Defendants moved to dismiss the complaint, arguing that the Board is entitled to Eleventh Amendment immunity and that the Individual Defendants are entitled to qualified immunity, among other defenses. (Dkt. 6:8–10, 16–20.) Briefing on that motion closed on May 5, 2025, and the Court has not yet ruled. (Dkt. 12, 14.) Also on May 5, the Court issued its preliminary pretrial conference order, which set a summary judgment deadline of January 8, 2026, a discovery cutoff of May 6, 2026, and a trial date of June 22, 2026. (Dkt. 15:2–3, 6.)

On August 7, 2025, Gow served Defendants with 29 requests for production and 7 interrogatories. (Ward-Packard Decl. ¶ 3.) Twelve of the production requests seek ten years of faculty disciplinary records from all thirteen campuses in the Universities of Wisconsin system. *See* (Ward-Packard Decl. Ex. 1 at 7–9.) Two other requests seek records implicating student information subject to the Family Educational Rights and Privacy Act

---

[1] Gow does not challenge his termination as UW-La Crosse chancellor. *See* (Dkt. 1 ¶¶ 51–58.)

(FERPA), 20 U.S.C. § 1232g. *See* (Ward-Packard Decl. Ex. 1 at 9–10.) Before producing FERPA-protected records, Defendants must obtain a protective order and give notice to the affected students with an opportunity to object. *See* 34 C.F.R. § 99.31(a)(9).

On August 29, 2025, Defendants met and conferred with Gow's counsel about their objection to proceeding with discovery before resolution of the motion to dismiss. (Ward-Packard Decl. ¶ 6.) Gow's counsel would not agree to a stay of discovery and indicated that Gow would oppose this motion. (Ward-Packard Decl. ¶ 6.)

## LEGAL STANDARD

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). That discretion flows from the court's inherent authority to manage its cases "with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In exercising this authority, a court must weigh "competing interests and maintain an even balance." *Id.* at 254–55. The party seeking a stay bears the burden of showing that one is warranted. *Nken v. Holder*, 556 U.S. 418, 433–34 (2009).

## ARGUMENT

A stay of discovery is warranted for two related reasons. First, Defendants' pending motion to dismiss raises threshold immunity defenses

that must be resolved before discovery proceeds. Immunity protects state entities and officials not only from liability but also from the burdens of litigation itself, including disruptive discovery. A stay is needed to vindicate that interest here. Second, even apart from immunities, the balance of interests favors a stay. This case is at an early stage, the prejudice to Gow from a stay will be minimal, and resolving the motion to dismiss prior to discovery will simplify the issues and reduce litigation burdens for both the parties and the Court.

## I.     Defendants' claims of immunity warrant a stay of discovery until the motion to dismiss is resolved.

In their pending motion to dismiss, Defendants have invoked two immunity defenses, each of which warrants staying discovery until the motion is resolved. First, the Board has argued that it is not a "person" subject to suit under 42 U.S.C. § 1983, (Dkt. 6:8); *see Will v. Mich Dep't of State Police*, 491 U.S. 58, 65 (1989), and that if it were, that it would nonetheless be immune from suit under the Eleventh Amendment, (Dkt. 6:8–10); *see, e.g., Romco, Ltd. v. Outdoor Aluminum, Inc.*, 725 F. Supp. 1033, 1035–38 (W.D. Wis. 1989). Second, the Individual Defendants—whom Gow has named in their individual capacities only, (Dkt. 1 ¶¶ 8–25)—have invoked qualified immunity, (Dkt. 6:16–19); *see Hanson v. LeVan*, 967 F.3d 584, 589–90 (7th Cir. 2020).

Both assertions of immunity must be resolved before discovery proceeds; otherwise, discovery may improperly deprive Defendants of the benefits of immunity. Start with qualified immunity: For decades, the rule in the Seventh Circuit has been that "trial courts not only may but should decide the legal issue of qualified immunity in § 1983 cases before allowing discovery." *Landstrom v. Ill. Dep't of Child & Fam. Servs.*, 892 F.2d 670, 674 (7th Cir. 1990). As the Supreme Court has explained, "[t]he basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" *Ashcroft*, 556 U.S. at 685 (quoting *Siegert v. Gilley,* 500 U.S. 226, 236 (1991) (Kennedy, J., concurring in judgment)).

The same rule applies when a state or its instrumentality asserts Eleventh Amendment immunity. *See Goshtasby v. Bd. of Trustees of Univ. of Ill.*, 123 F.3d 427, 428 (7th Cir. 1997). Eleventh Amendment immunity, like qualified immunity, "gives a public official a 'right not to be sued' as well as a right to win on the merits." *Id.* at 428. And that right extends to "discovery" as well "trial." *Bradford-Scott Data Corp.*, 128 F.3d at 506.

Confirming the point, Seventh Circuit precedent mandates that when a district court denies a claim of qualified immunity or Eleventh Amendment immunity, the defendant may (i) take an immediate appeal and (ii) seek an immediate stay of proceedings pending that appeal. *Goshtasby*, 123 F.3d at 428 (7th Cir. 1997) (Eleventh Amendment immunity); *Apostol v. Gallion*,

870 F.2d 1335, 1338–39 (7th Cir. 1989) (qualified immunity). The district court, in turn, must grant the stay unless it certifies that the appeal is "frivolous." *Goshtasby*, 123 F.3d at 429; *Apostol*, 870 F.2d at 1338–39.[2]

Accordingly, district courts in this Circuit routinely exercise their discretion to grant stays of discovery during the pendency of a motion to dismiss on immunity grounds. *See, e.g.*, *Mabes v. McFeeley*, No. 1:21-CV-02062-JRS-DLP, 2022 WL 20358005, at *2 (S.D. Ind. May 9, 2022); *Liggins v. Reicks*, No. 3:19-CV-50303, 2021 WL 2853359, at *1 (N.D. Ill. July 8, 2021). As the court in *Liggins* explained, although a "Plaintiff's desire to proceed with discovery is understandable, it does not outweigh the burden on Defendants who have asserted immunity defenses that are potentially dispositive of the entire case." 2021 WL 2853359, at *1. District courts in other circuits likewise impose such stays as a matter of course. *See, e.g.*, *Pfuetze v. Kansas*, No. 10-1139-CM-GLR, 2010 WL 3718836, at *2 (D. Kan. Sept. 14, 2010) ("Plaintiff opposes the motions to stay discovery, but has not articulated any reason why a stay is not appropriate given the

---

[2] Other courts of appeal are in full accord with this order of battle. *See, e.g.*, *Hegarty v. Somerset County*, 25 F.3d 17, 18 (1st Cir. 1994) (staying discovery pending an interlocutory appeal of a denial of qualified immunity after the district court declined to issue a stay); *Wicks v. Miss. State Emp. Servs.*, 41 F.3d 991, 994–95 (5th Cir. 1995) (reversing an order allowing limited discovery while a motion to dismiss on qualified immunity was pending).

Eleventh Amendment and qualified immunity defenses raised by these defendants in their motions to dismiss."); *King v. Benford*, No. CV 10-828 JH/LFG, 2010 WL 11618918, at *4 (D.N.M. Dec. 7, 2010) ("Once the defense [of immunity] is before the Court by way of motion, the Court has little discretion and discovery must be stayed."). Indeed, courts even grant stays of already-ongoing discovery to resolve immunity assertions. *See, e.g.*, *Herrera v. Santa Fe Pub. Schs.*, No. CIV 11-0422 JB/KBM, 2012 WL 6846393, at *3 (D.N.M. Dec. 20, 2012) (staying ongoing discovery during pendency of a defendant's motion for summary judgment on immunity grounds).

Consistent with these precedents, the Court should grant a stay of discovery here until the motion to dismiss is resolved. The threat of erroneous deprivation of Defendants' "right not to be sued," *Goshtasby*, 123 F.3d at 428, will otherwise be substantial. For instance, if the Court allows Gow to take discovery from the Board but later dismisses the Board from the case, then the Board's immunity will improperly be "compromised, and lost to a degree." *Id.* And even if the Court ultimately rejects the Board's immunity defense, the Board's right to appeal that decision and seek a stay may lead to a disjointed, stop-start discovery process that benefits no one. So, too, with the Individual Defendants' qualified immunity defense.

A stay is particularly warranted here because the Board has an exceptionally strong claim of Eleventh Amendment immunity.

8

*See* (Dkt. 6:8–10); *see also, e.g.*, *MCI Telecomms. Corp. v. Ill. Bell Tel. Co.*, 222 F.3d 323, 337 (7th Cir. 2000). That matters because, under Wisconsin law, the Board "owns all public records created, received, or retained by UW System employees," *Regents Pol'y Doc. 3-2*, *Public Rec. Mgmt.*, Wis. Bd. of Regents https://www.wisconsin.edu/regents/policies/public-records-management/ (last visited Sept. 8, 2025)); *see also* Wis. Stat. § 36.11(1)(b)—including most of the records Gow seeks. The Board will therefore bear the bulk of the burden of responding to discovery.[3] Yet the Board's claim to immunity from suit—and with it, from discovery—is iron-clad.

As the Seventh Circuit has explained time and again, "[t]he immunity conferred on a state by the Eleventh Amendment extends to state agencies as well." *MCI Telecomms.*, 222 F.3d at 336. Gow's only response, in the motion-to-dismiss briefing, was to cite cases implicating the *Ex parte Young* exception. *See* (Dkt. 12:13–14, 14 n.6.) But as Defendants explained in their reply, (Dkt. 14:17), that "narrow exception" applies only to "suits. . . for declaratory or injunctive relief against state officers in their official capacities," *Sherwood v. Marchiori*, 76 F.4th 688, 693 (7th Cir. 2023) (citation omitted). Here, where Gow has elected not to name any official-capacity defendants,

---

[3] This is particularly the case because Gow has sued Individual Defendants in their individual capacities only—*i.e.*, *not* in the capacity in which they may sometime create or maintain government records.

*Young* does not help him. All told, the strength of the Board's immunity claim, the Board's status as the defendant burdened by most of Gow's discovery, and the sweeping nature of that discovery all render a stay essential.[4]

## II. The balance of interests also favors a stay of discovery until the motion to dismiss is resolved.

Even beyond these clear precedents, a stay is also warranted under a conventional interest-balancing analysis. In deciding whether to exercise their discretion to stay, courts often balance four interests: (i) whether the litigation is at an early stage; (ii) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (iii) whether a stay will simplify the issues and streamline the trial; and (iv) whether a stay will reduce the burden of litigation on the parties and the court. *Hintze v. Hintze*, No. 23-CV-685-JDP, 2024 WL 1758690, at *1 (W.D. Wis. Apr. 24, 2024). Here, all four factors favor a stay.

---

[4] The analysis is the same even if the Court dismisses the Board on statutory grounds—for lack of personhood under § 1983—rather than on constitutional Eleventh Amendment grounds. *See Will v. Mich Dep't of State Police*, 491 U.S. 58, 65 (1989) (holding that "a State [or state instrumentality] is not a 'person' within the meaning of § 1983."). Either way, allowing discovery would improperly strip the Board of its immunity. Moreover, the personhood requirement and Eleventh Amendment immunity are closely related doctrines that should be applied in harmony: In *Will*, the Supreme Court explained that it was unwilling to "adopt a reading of § 1983 that disregards" the "scope of the Eleventh Amendment." *Id.* at 67.

### A.    This litigation is at an early stage.

This litigation is still at "an early stage." *Hintze*, 2024 WL 1758690, at *1. Typically, in applying this criterion, courts in this District have "denied stays when trial is imminent or when trial has already occurred." *Bear Archery, Inc. v. AMS, LLC*, No. 18-CV-329-JDP, 2019 WL 430941, at *1 (W.D. Wis. Feb. 4, 2019) (collecting cases). Here, trial is far from imminent. Rather, Gow has filed and served his complaint, Defendants have moved to dismiss it, and the parties are awaiting the Court's decision. Thus, as in other cases where a stay was granted, "there have been no substantive rulings, and no discovery." *Hintze*, 2024 WL 1758690, at *2. And although the Court has set a schedule, that schedule still allows ample time for discovery—which closes in May of next year, (Dkt. 15:3)—even if a stay were to remain in effect for some time.

### B.    A stay will not unduly prejudice or tactically disadvantage Gow.

A stay will not unduly prejudice or otherwise disadvantage Gow. *See Hintze*, 2024 WL 1758690, at *1. Most straightforwardly, if the case is dismissed—whether on immunity grounds or otherwise—Gow has no entitlement to discovery at all. And even if the case proceeds against some or all current Defendants, the only practical effect will be some delay in when Gow is able to take discovery—he will still have his opportunity to take it. As just noted, ample time remains for discovery under the existing schedule. And

that schedule may be adjusted if the Court's disposition of the motion to dismiss comes close to the January 8, 2026, summary judgment deadline.

More importantly, any delay that results from a stay would not be "undue." As a case-management matter, staying discovery to allow time for disposition of a motion to dismiss is routine in this Circuit, *see In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336 n.4, 336 n.6 (N.D. Ill. 2005) (collecting dozens of cases), including in this District, *see, e.g.*, *Malone v. Clark,* No. 04-C-229-C, 2004 WL 2053284, at *1 (W.D. Wis. Sept. 13, 2004); *Flakes v. Frank*, No. 04-C-189-C, 2005 WL 1276370, at *1 (W.D. Wis. May 26, 2005) (lifting a previously imposed stay in order resolving motion to dismiss). Such stays are particularly common where "preliminary questions . . . may dispose of the case," *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999), or "or where the issue is a threshold one, such as jurisdiction," *In re Sulfuric Acid*, 231 F.R.D. at 337. Both these justifications apply here: Immunity is a threshold issue and the motion to dismiss raises preliminary questions that may resolve the whole case.

## C.    A stay will simplify the issues and streamline future proceedings.

A stay that permits the Court to resolve the motion to dismiss before discovery commences will facilitate efficient resolution of this dispute, in three key senses. *See Hintze*, 2024 WL 1758690, at *1.

First, a decision on the motion to dismiss prior to discovery—if it does not end the case outright—will at a minimum clarify the applicable law. In particular, in resolving the qualified immunity defense and deciding whether Gow has pleaded a plausible First Amendment claim, the Court will necessarily express a view on the governing First Amendment principles. That analysis, in turn, will allow the parties to focus discovery on the factual disputes that are relevant under the framework the Court applies.

Second, a decision on the motion to dismiss prior to discovery will clarify the identity of the parties. As explained above, both the Board and Individual Defendants have strong arguments to be dismissed. Clarity as to the parties will necessarily streamline future litigation, including discovery disputes.

Third, a decision on the motion to dismiss prior to discovery will also clarify the scope of potential relief. Gow has sought declaratory and injunctive relief against only the Board and damages against only the Individual Defendants. (Dkt. 1:12.) It follows that if either category of Defendant is dismissed, the associated relief will drop out of the case as well. Such an outcome would have inevitable consequences for discovery. For instance, if the Individual Defendants are dismissed, the parties need not undertake costly discovery as to lost wages, depositions of damages experts, and so on.

A stay will also avoid disjointed future proceedings. If Gow prevails on either immunity question or both, Defendants will be entitled to appeal and to

seek an associated stay. *See supra*, Section I. And if Defendants prevail in whole or part, Gow may seek leave to amend his complaint—indeed, he has already indicated in a footnote that he is likely to seek such leave, (Dkt. 12:14 n.6)—and may attempt to name different defendants, amend his legal theory, or alter his requests for relief. Any such changes would likely render previously conducted discovery redundant, irrelevant, or inappropriate. The third interest-balancing factor thus weighs strongly in favor of a stay.

### D.     A stay will reduce the burden on the parties and the Court.

A stay will reduce the burden on both the parties and the Court. *See Hintze*, 2024 WL 1758690, at *1. As to the parties, the clarity as to issues, parties, and relief just discussed will limit the scope of discovery and so "save time and money for [the] litigants"—including Gow. *Johnson v. Navient Sols., Inc.*, 150 F. Supp. 3d 1005, 1007 (S.D. Ind. 2015).

As to the Court, Gow's opening salvo makes clear that the scope of his planned discovery will be very broad. For instance, he seeks seek ten years of faculty disciplinary records from all thirteen campuses in the Universities of Wisconsin system, including records for non-tenured faculty. *See* (Ward-Packard Decl. Ex. 1 at 7–9.) If discovery proceeds, Defendants anticipate arguing that much of that discovery is either "not relevant to any party's claim or defense" or not "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Discovery disputes will inevitably arise and may require this

Court's involvement in at least some instances. But the need for such litigation—and associated burden on the Court and parties—may be obviated, partially or wholly, when the motion to dismiss is resolved.

## CONCLUSION

The Court should grant Defendants' motion to stay discovery and enter an order: (i) staying all further service of discovery until the date upon which the Court resolves Defendants' pending motion to dismiss; and (ii) staying Defendants' deadline to respond to Plaintiff's previously served discovery until 30 days after the Court resolves Defendants' pending motion to dismiss.

Dated this 8th day of September 2025.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

s/Samuel T. Ward-Packard
SAMUEL T. WARD-PACKARD
Assistant Attorney General
State Bar #1128890

RACHEL BACHHUBER
Assistant Attorney General
State Bar #1052533

BRIAN P. KEENAN
Assistant Attorney General
State Bar #1056525

Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 267-8938 (SWP)
(608) 266-0188 (RLB)
(608) 266-0020 (BPK)
(608) 294-2907 (Fax)
samuel.ward-packard@wisdoj.gov
rachel.bachhuber@wisdoj.gov
brian.keenan@wisdoj.gov