**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

---

JOSEPH D. GOW

      Plaintiff,

    vs.

THE BOARD OF REGENTS OF THE UNIVERSITY
OF WISCONSIN SYSTEM, et al.

      Defendants.

Case No. 3:25-CV-00059-WMC

---

**PLAINTIFF'S BRIEF IN SUPPORT OF HIS MOTION**
**FOR LEAVE TO FILE AMENDED COMPLAINT**

---

**INTRODUCTION**

This case is at the earliest possible stage. Defendants moved to dismiss for failure to state a viable claim and obtained a stay pending resolution of that motion. Plaintiff seeks to amend his complaint to remedy one of the very defects that is the subject of Defendants' motion. Flouting the principle of Fed. R. Civ. P. 15(a)(2) that leave to amend should be granted "when justice so requires," Defendants refuse to consent, although they point to no prejudice they would suffer from that amendment and no other valid reason for their position. Indeed, no such reasons exist, and this Court should allow the proposed Amended Complaint.

**RELEVANT FACTS**

Plaintiff filed his Complaint on January 27, 2025 based on Defendants' violation of Plaintiff's First Amendment rights and sought declaratory and injunctive relief as well as compensatory damages. [Dkt. 1.] On March 28, 2025, Defendants moved to dismiss the entire Complaint under Fed. R. Civ. P. Rule 12(b)(6). [Dkt. 5.] In support of that motion, Defendants argued (among other things) that the Board of Regents ("Board") is not a person under 42 U.S.C.

§ 1983 and enjoys immunity under the Eleventh Amendment to the United States Constitution. [Dkt. 6, pp. 8-10.] Plaintiff opposed these arguments based on precedent holding that the Board is considered a person under 42 U.S.C. § 1983 where, as here, the relief sought against it is prospective and that Eleventh Amendment immunity does not apply to claims for prospective relief. [Dkt. 12, pp. 11-14.]

Plaintiff also argued that the personhood and Eleventh Amendment immunity issues could be resolved by naming the individual Board members in both their individual and official capacities, and expressly requested an opportunity to amend the Complaint if the Court granted Defendants' motion to dismiss. (*Id.*, pp. 12, n.4, 14, n.6.) Specifically, Plaintiff stated:

> The court also noted that the defect [regarding personhood] could have been cured **by naming individuals as defendants**. 697 F.2d at 614. Thus if this Court dismisses the claim, **Plaintiff requests the opportunity to amend the Complaint.** *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago and Northwest Indiana*, 786 F.3d 510, 520 (7th Cir. 2015) ("Ordinarily, however, a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend [the] complaint before the entire action is dismissed. We have said this repeatedly.") (citations omitted).

[Dkt. 12, p. 12, fn.4.]

> Even if the Court finds that immunity applies to the Board, it cannot apply to the members of the Board acting in their official capacity when the relief sought is prospective only. *Verizon*, 535 U.S. at 635; *Quern* at 337; *Kroll v. Board of Trustees of University of Illinois*, 934 F.2d 904, 908 (7th Cir. 1991) ("[O]fficial-capacity actions may not be barred by the eleventh amendment insofar as they request prospective relief – i.e., an injunction or a declaratory judgment and monetary damages that are 'ancillary' to either.") (citations omitted.) Accordingly, **Plaintiff requests leave to amend its Complaint to name the individual defendants in their official capacity as well as their individual capacity if the Court determines that the Board has immunity.** *See Runnion*, 786 F.3d at 520 ("Ordinarily, however, a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend [the] complaint before the entire action is dismissed. We have said this repeatedly.") (citations omitted).

[*Id.*, p. 14, fn.6.]

Plaintiff served written discovery on Defendants consistent with the Preliminary Pretrial Conference Order [Dkt. 15], which led Defendants to move on September 8, 2025 for a stay of all proceedings pending resolution of their motion to dismiss. [Dkt. 17.] The Court issued a stay on October 22, 2025 [Dkt. 24] and vacated the Scheduling Order on December 29, 2025 [Dkt. 26].

Defendants' motion to dismiss remains pending. Plaintiff now brings forward the request for leave to amend raised in opposition to that motion.  The proposed Amended Complaint names the Board members in their individual **and** official capacities – thereby addressing the personhood and Eleventh Amendment issues raised by Defendants. It also adds allegations (but not additional claims or parties) based on information obtained through an open records request.[1] Plaintiff requested Defendants' consent to the filing of the Amended Complaint under Fed. R. Civ. P. Rule 15(a)(2), but Defendants refused – requiring Plaintiff to seek leave of the Court. Schill Decl., ¶¶ 2-4, Ex. A.

**ARGUMENT**

Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P., Rule 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); *Runnion v. Girl Scouts of Greater Chicago*, 786 F.3d 510, 519 (7th Cir. 2015). This bedrock principle is a "mandate . . . to be heeded." *Foman*, 371 U.S. at 181. Absent facts demonstrating "undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice . . .  futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Id*. Moreover, delay alone is an insufficient reason to deny leave to amend. *McCoy v. Iberdrola Renewables, Inc.,* 760 F.3d 674, 687 (7th Cir. 2014). "The underlying

---

[1] A copy of the proposed Amended Complaint, showing in redline format the changes from the original Complaint, is attached to this brief as **Exhibit 1**.

concern [with the issue of undue delay] is the prejudice to the defendant rather than simple passage of time." *Id.*

This is a clear case for applying the mandate of Rule 15(a)(2). No credible reason exists to deny Plaintiff an opportunity to amend his complaint. Contrary to the position Defendants took in their refusal to consent to filing the Amended Complaint, no undue delay has occurred. Plaintiff has had no obligation to amend his complaint because the motion to dismiss remains pending: "[A] plaintiff who receives a Rule 12(b)(6) motion and who has good reason to think the complaint is sufficient may . . . choose to stand on the complaint and insist on a decision without losing the benefit of the well-established liberal standard for amendment with leave of court under Rule 15(a)(2)." *Runnion*, 786 F.3d at 523.

Unlike cases where courts denied leave to amend because they found undue delay (and usually also found prejudice), this case is at its very earliest stage. *Cf. McCoy*, 760 F.3d 674 (amendment denied where court had already ruled on a motion for preliminary injunction and six months passed since original counterclaims were dismissed); *Soltys v. Costello*, 520 F.3d 737 (7th Cir. 2008) (denying motion to amend that came after the close of discovery and the final pretrial conference); *Christensen v. Weiss*, 2023 WL 1209837 (W.D. Wis. June 29, 2023) (amendment denied because case was ten months into discovery and motions for summary judgment were fully briefed).

Indeed, Defendants' own words confirm this case was in its infancy even before the stay halted proceedings:

> Here, trial is far from imminent. Rather, Gow has filed and served his complaint, Defendants have moved to dismiss it, and the parties are awaiting the Court's decision. . . . "[T]here have been no substantive rulings, and no discovery."

(Defs' Br. in Supp. of Motion to Stay [Dkt. 18], p. 11.) The Court has since issued a stay and vacated the Scheduling Order – stopping the case altogether.

4

For the same reasons, amendment will not cause Defendants **any** prejudice, much less undue prejudice. They are in precisely the same position as they were when the motion to dismiss was fully briefed and Plaintiff asked the Court for leave to amend in the event the motion was granted. Plaintiff is not attempting to change theories at the eleventh hour. *Cf. Moutry v. Travelers Home and Marine Insurance Co.*, 656 F.Supp.3d 843, 850 (E. D. Wis. 2023) (denying leave to amend where discovery had closed and defendant had moved for summary judgment). He merely seeks in good faith to cure an alleged defect in his pleading before the case moves forward.

## CONCLUSION

For the reasons stated in this brief, Plaintiff respectfully requests that the Court apply the mandate of Fed. R. Civ. P. Rule 15(a)(2) and grant him leave to file the proposed Amended Complaint.

Dated this 20th day of March, 2026.

LAFFEY, LEITNER & GOODE LLC
Counsel for Plaintiff Joseph Gow

*/s/ Mark M. Leitner*

Mark M. Leitner
State Bar No. 10069459
Katherine W. Schill
State Bar No. 1025887
Andrea Contreras
State Bar No. 1137249
325 E. Chicago Street
Suite 200
Milwaukee, WI 53202
(414) 312-7003 (telephone)
(414) 755-7089 (facsimile)
mleitner@llgmke.com
kschill@llgmke.com
acontreras@llgmke.com